UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WEST BEND INSURANCE COMPANY,

Plaintiff,

v.

DANIEL BENSON, et al.,

Defendants.

Case No. 3:24-CV-405-CCB

**OPINION AND ORDER**

Plaintiff West Bend Insurance Company ("West Bend") filed suit against defendants Daniel Benson, Janet Benson, and Newton & Sons Excavating, Inc. ("Newton"), seeking a declaratory judgment that it holds no duty to defend or indemnify Newton against claims filed by the Bensons in state court ("the Underlying Suit"). (ECF 1 at 7; 31–2; 44).

On June 27, 2025, West Bend moved for summary judgment against the Bensons and Newton. (ECF 31). This Court granted the motion as to the Bensons but denied the motion as to Newton, holding that a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure was the appropriate remedy. (ECF 40 at 11–12).

On August 18, 2026, West Bend filed a "Motion for Default Judgment Against Defendant Newton & Sons Excavating, Inc." ("Motion for Default Judgment"). (ECF 44). Newton has neither answered West Bend's complaint nor appeared in this lawsuit. The Court now rules on the motion.

## I. Background

The Court fully summarized the factual background to this case in its opinion granting summary judgment in favor of West Bend as to the Benson defendants. (ECF 40). It need not do so again here. But for context, the following facts and procedure are relevant.

This is a declaratory action in connection to a negligence suit filed by the Bensons in state court against Newton and other parties not before the Court. (ECF 1 at 2–3). Between October 2016 and October 2021, West Bend insured Newton, an Indiana-based contractor that specialized in sewer systems installation. (*Id.* at 1–2, 5).

In 2017, the Bensons contracted with Newton to install a sewer lateral to connect their property to an underground sewage collection tank. (*Id.* at 3). However, Newton allegedly failed to install a backflow check valve to prevent raw sewage backup. (*Id.* at 3–4). In May 2023, after West Bend's policy with Newton had lapsed, the Bensons' home flooded with raw sewage, resulting in its eventual condemnation. (*Id.*).

In November 2023, the Bensons filed suit in Kosciusko Circuit Count seeking to hold Newton liable for the property's damage. (ECF 40 at 3–4). In May 2024, after Newton tendered the Underlying Suit to West Bend seeking defense and indemnity, West Bend filed the instant action, seeking a declaratory judgment that they possessed no "duty to defend or indemnify Newton." (ECF 1 at 7).

On March 24, 2026, this Court granted West Bend's motion for summary judgment as to the Bensons but denied the motion as to Newton. (ECF 40). In doing so, this Court examined whether, under Indiana law, the alleged injuries "triggered"

Newton's insurance policy with West Bend while it was still active. (*Id.* at 7–8). The Court concluded that they did not because the Bensons could not show any evidence that the sewer lateral or its piping had been physically damaged while the policy remained active. (*Id.* at 10–11); *see U.S. Fid. & Guar. Co. v. American Ins. Co.*, 345 N.E.2d 267, 270 (Ind. Ct. App. 1976). However, the Court declined to apply the same analysis to Newton as they had yet to appear in the case. Thus, "the appropriate remedy against Newton & Sons [was] a motion for default judgment." (*Id.* at 11–12).

Newton has still not appeared in this case. On June 4, 2026, West Bend filed a "Motion for Clerks Entry of Default." (ECF 41). Default was entered the next day. (ECF 42). West Bend then filed a motion for default judgment on August 18, 2026. (ECF 44). With no response from Newton, the Motion is now ripe before the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) dictates that after an entry of default under 55(a), a "party must apply to the court for a default judgment." Courts do not automatically grant default judgment. Instead, a plaintiff must "demonstrate that they [are] entitled to judgment as a matter of law," assuming "that the factual allegations [in the complaint] are, by reason of the default, true." *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265–66 (7th Cir. 1995). In this case, there are no damages or traditional causes of action. Instead, West Bend seeks nothing more than a declaratory judgment stating it has "no duty to defend or indemnify" Newton in the Underlying Suit. (ECF 1 at 7–8).

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested parties seeking such declaration." 28 U.S.C.

§ 2201. "Declaratory judgment actions serve an important role in our legal system insofar as they permit prompt settlement of actual controversies and establish the legal rights and obligations that will govern the parties' relationship in the future." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 711 (7th Cir. 2002). Section 2201, empowers a federal court to issue a declaratory judgment "[i]n a case of actual controversy within its jurisdiction" by "declar[ing] the rights and other legal relations of any interested party." § 2201(a).

To request a declaratory judgment, a party must show that the "feared lawsuit from the other party is immediate and real, rather than merely speculative." *Coco*, 302 F.3d at 712. In other words, "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)). A declaratory judgment has "the force and effect of a final judgment or decree and shall be reviewable as such." § 2201(a).

## III. ANALYSIS

Generally speaking, federal courts are encouraged to abstain from proceeding "in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). That said, where warranted, § 2201 provides "an opportunity, rather than a duty," to grant declaratory relief to "qualifying litigants." *Wilton*, 515 U.S. at 288. The discretion to intervene or abstain in a declaratory action that parallels a state proceeding, described as "substantial" by the Seventh

Circuit, is widely known as the *Wilton/Brillhart* doctrine. *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). Indeed, "there is no doubt that a court may dismiss or stay an action under the *Wilton/Brillhart* abstention doctrine where solely declaratory relief is sought." *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009).

Whether two actions in federal and state court are "parallel" turns on whether "substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Envision*, 604 F.3d at 986. But while the "classic example" of the *Wilton/Brillhart* doctrine consists of parallel proceedings, their existence is neither necessary nor sufficient to sway a district court to—or not to—act in an action that seeks only declaratory relief. *Id.* at 986–87. Instead, district courts are to consider a number of non-exclusive factors, such as "whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

The materials filed before the Court do not make it clear that the Underlying Suit is a perfect parallel. But it does not need to be, especially in the context of insurance and duties to defend or indemnify. "The question of an insurance company's duty to defend plainly presents a present controversy ripe for declaratory relief." *Sears, Roebuck & Co. v.*

*Zurich Ins. Co.*, 422 F.2d 587, 589 (7th Cir. 1970). Given that an insurer may be required to defend the insured "even if there never turns out to be any liability to indemnify," a court need not wait to issue declaratory relief until the underlying litigation concludes. *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). Thus, it is appropriate for this Court to rule on West Bend's instant Motion as it would serve a "useful purpose in clarifying" West Bend's "legal obligations" and relationship to Newton. *See Zavalis*, 52 F.3d at 692.

As noted in this Court's Order partially granting West Bend's Motion for Summary Judgment, whether an insurer's contractual duties are triggered "by a specific occurrence" depends upon "when the complaining party was actually damaged," not when the allegedly wrongful act was committed. *U.S. Fid. & Guar. Co. v. American Ins. Co.*, 345 N.E.2d 267, 270 (Ind. Ct. App. 1976). Citing *Grange Mut. Cas. Co. v. West Bend Mut. Ins. Co.*, 946 N.E.2d 593 (Ind. Ct. App. 2011), this Court held that "damage" under the policy, required "some evidence of actual damage at the time Newton & Sons installed the sewer lateral" without the check valve. (ECF 8–11). But neither the Bensons nor Newton (who has yet to appear in this suit) has presented such evidence. Without it, the only alleged physical property damage occurred well after West Bend ceased to be Newton's insurer. Thus, the allegations fall outside the policy agreed to by West Bend and Newton, and do not trigger the duty to defend. The Court, therefore, agrees with West Bend that declaratory relief is appropriate for this issue.

But the appropriateness of a declaratory judgment concerning West Bend's potential duty to indemnify is more complex. The Seventh Circuit has held that

"decisions about indemnity should be postponed until the underlying liability has been established." *Lear*, 353 F.3d at 583; *see also Zavalis*, 52 F.3d at 693 (7th Cir. 1995); *Grinnell Mut. Reins. Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995). While it can be argued that *Lear* and its progeny relied upon Illinois state law for that conclusion, the same logic has also been relied upon by this Court. *Am. Fam. Mut. Ins. Co., S.I. v. Buckley*, No. 2:21-CV-123-JVB-JPK, 2022 WL 910546, at *6 (N.D. Ind. Mar. 29, 2022) ("Indemnity cannot be determined before liability because the question of indemnity is not ripe if liability has not been established."); *Liberty Mut. Ins. Co. v. Dometic Corp.*, 371 F. Supp. 3d 472, 480–81 (N.D. Ind. 2019) ("[T]he proper disposition for those unripe claims is 'to dismiss without prejudice the declaratory judgment action insofar as it sought a determination of the company's duty to indemnify.'"). This Court has also held that "[p]iecemeal declaratory rulings are disfavored." *Frankenmuth Mut. Ins. Co. v. Fun F/X II, Inc.*, No. 3:20-CV-76-DRL-MGG, 2020 WL 6537216, at *2 (N.D. Ind. Nov. 6, 2020).

That said, the Seventh Circuit has characterized the rule against opining on indemnification before liability is determined as "a general rule rather than an absolute one." *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992). In recent years, the Seventh Circuit has reframed the rule as one of "preference," while still reinforcing its concerns with unnecessarily "wading into an abstract dispute." *T.H.E. Ins. Co. v. Olson*, 51 F.4th 264, 270 (7th Cir. 2022). But where the question of a duty to indemnify presents a purely legal question and does not "hinge on remote contingencies and facts," it may be ripe for adjudication despite the general rule. *Id.*

Whether the absence of a duty to defend vitiates any duty to indemnify depends upon state law. Where state law finds the duty to defend broader than the duty to indemnify, the absence of a duty to defend forecloses any possibility of a duty to indemnify. *Id.* (applying Wisconsin law). On the other hand, where state law dictates that a duty to defend does not necessarily encompass a duty to indemnify, the absence of the former does not by default preclude the existence of the latter. *Sokol & Co. v. Atl. Mut. Ins. Co.*, 430 F.3d 417, 421 (7th Cir. 2005) (applying Illinois law); *Keystone Consol. Indus., Inc. v. Emp. Ins. Co. of Wausau*, 456 F.3d 758, 759 (7th Cir. 2006) (same). Thus, without any certainty that a duty to indemnify would exist absent a duty to defend, *Lear*'s general rule against declaratory relief as to an indemnification question would seem to be in full force. 353 F.3d at 583.

So, whether West Bend is entitled to an immediate disposition of their instant Motion as to their duty to indemnify turns on Indiana law. Indiana, like many other states, follows the Wisconsin approach. *Atlanta Gas Light Co. v. Navigators Ins. Co.*, 164 F.4th 1038, 1045 (7th Cir. 2026). In fact, the Indiana Supreme Court has explicitly held that an "insurer's duty to defend is broader than its duty to indemnify." *Ebert v. Illinois Cas. Co.*, 188 N.E.3d 858, 865 (Ind. 2022) (citing *Seymour Mfg. Co., v. Com. Union Ins. Co.*, 665 N.E.2d 891, 892 (Ind. 1996)). Thus, "[I]f an insurer does not have a duty to defend, then it does not have a duty to indemnify." *Id.*

As noted above, West Bend does not carry a duty to defend Newton in the Underlying Suit. With that conclusion, the question of indemnity ceases to be "an abstract dispute," but becomes conclusively resolved under Indiana law. *Olson*, 51 F.4th

at 270. Because there can be no duty to indemnify in the absence of a duty to defend, *Ebert*, 188 N.E.3d at 865, and with this Court's preference to avoid "[p]iecemeal declaratory rulings," *Frankenmuth*, 2020 WL 6537216, at *2, the Court agrees with West Bend that a declaratory judgment that West Bend does not have a duty to indemnify Newton is appropriate.

## IV. CONCLUSION

The Court hereby **GRANTS** West Bend's Motion for Default Judgment, (ECF 44), and **DECLARES** that West Bend does not have a duty to defend or indemnify Newton & Sons Excavating, Inc., against the allegations contained within the Underlying Suit. The Clerk is **DIRECTED** to close the case.

SO ORDERED on September 30, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT